Entered: November 10th, 2021
Signed: November 10th, 2021
**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt**

In re:

MKL ENTERPRISE LLC

*Debtor.*

CASE NO. 20-19935
(Chapter 11, Subchapter V)

**ORDER GRANTING CONFIRMATION
OF DEBTOR'S CHAPTER 11, SUBCHAPTER V
<u>PLAN OF REORGANIZATION</u>**

MKL ENTERPRISE LLC, the above-captioned debtor and debtor in possession herein, having filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 9, 2020, and the Debtor having filed the Debtor's Second Amended Chapter 11 Subchapter V Plan of Reorganization on September 21, 2021 [Dkt. #104] (the "Plan"); and this Court having entered the a scheduling order on October 1, 2021 setting a hearing on the Plan for October 25, 2021 (the "Confirmation Hearing"); and having also considered the Certificate of Service [Dkt. #109] (the "Certificate of Service") evidencing service of the solicitation materials of the Debtor's Plan. The Court having also considered the Tally of Ballots certifying the

accurate tabulation and receipt of the ballots received by Debtor's counsel with regard to the Plan, ("Tally of Ballots"), [Dkt. #112]; and having also considered the Plan; and all prior objections to the Plan having been withdrawn; and based on the pleadings in this case and the record presented at the Confirmation Hearing, during which, the Debtor sought confirmation of the Plan pursuant to 11 U.S.C. § 1191(a); and after due deliberation and sufficient cause appearing therefor; the Court hereby sets forth the following findings of fact and conclusions of law:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. <u>Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).</u> This Court has jurisdiction over the Debtor's Chapter 11 case under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (L), and (N) over which this Court has exclusive jurisdiction.

B. <u>Judicial Notice.</u> This Court takes judicial notice of the docket of this Chapter 11 case, maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during this Chapter 11, Subchapter V case.

C. <u>Solicitation Materials.</u> The scheduling orders and the notice of the Confirmation Hearing, including deadlines related thereto, were transmitted and served in compliance with the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of this Court. All parties required to be given notice of the Confirmation Hearing (including notice of the deadlines for filing and serving objections to confirmation and voting) have been given due, proper, timely and adequate notice

in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules of this Court, and the scheduling orders.

D. Tally of Ballots. The Tally of Ballots filed in this case required by this Court. All procedures used to tabulate the ballots, as reflected in the Tally of Ballots, were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. As evidenced by the Tally of Ballots, holders of Claims in Class 3 and 4 voted in acceptance of the Plan. No other class of claims received votes with respect to the Plan. All claimants that did not cast a ballot but actively participated in the case and received due, proper, and timely notice of all deadlines in this case regarding the Plan and its confirmation.

CONFIRMATION OF THE PLAN

This Court shall confirm a Chapter 11, Subchapter V Plan under 11 U.S.C. § 1191(a) only if all only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.

I. The Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code including §§ 1189, 1190, 1191, 1122, 1123, 1124 and 1126. In addition, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the plan proponent who filed it. Accordingly, the Plan satisfies § 1129(a)(1) of the Bankruptcy Code, which requires compliance with the applicable provisions of the Bankruptcy Code.

II. The Debtor has complied with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with all applicable provisions of the Bankruptcy Code, as required by §§ 1190, 1191 and 1129(a)(2) of the Bankruptcy Code, including § 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018. The procedures by which the ballots for acceptance

or rejection of the Plan were solicited were fair, properly conducted and in accordance with § 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and the Second Scheduling Order. Votes with respect to the Plan were tabulated in a manner consistent with the Bankruptcy Code and Bankruptcy Law.

      III. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding formulation of the Plan. The Plan is the product of arm's length negotiations, with the assistance of the Subchapter V Trustee, between the Debtor and its creditors. The Debtor filed this Chapter 11 case under Subchapter V and proposed the Plan with legitimate and honest purposes, to maximize the value of the Debtor's estates for the benefit of its creditors.

      IV. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).</u> All payments made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 case, and transfers of property in or in connection with the Plan and incident to this Chapter 11 case are subject to the approval of the Court, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

      V. <u>Disclosures of Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor shall remain in control of its estate upon confirmation and revesting of the estate. This case does not involve an entity or a joint plan by any of Debtor's affiliates, and so subsection (a)(5) does not apply.

      VI. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. No governmental regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtor.

Section 1129(a)(6) of the Bankruptcy Code thus is not applicable.

VII. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies § 1129(a)(7) of the Bankruptcy Code. The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that holders of Claims in Impaired Classes have accepted the Plan or will receive or retain under the Plan, on account of such Claims, property of a value, as of the Effective Date, that is not less than the amount that such holders would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date. In fact, the Debtor proposes to pay all creditors in full.

VIII. <u>Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Pursuant to § 1129(a)(8) of the Bankruptcy Code, all classes of Claims and Interests that were entitled to vote and that did vote have accepted the Plan. Class 3 and 4 are impaired and voted in favor of the Plan, as set forth in the Tally of Ballots.

IX. <u>Treatment of Administrative and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims and Priority Tax Claims pursuant to Class 1 and 2 of the Plan satisfies the requirements of §§ 1129(a)(9)(A), and (C) of the Bankruptcy Code.

X. <u>Acceptance by Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Class 5 is an Impaired Class of Claims that voted to accept the Plan with respect to the Debtor. To the Debtor's knowledge, the votes cast in Class 3 and 4 in support of the Plan were not cast by insiders. The requirement of §1129(a)(10) of the Bankruptcy Code that at least one Class of Claims against or Interests in each of the Debtor that is impaired under the Plan has

accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

To the extent that Class 3 claim is paid in full prior to the expiration of the Plan Term, the remaining payments to the Class 3 claim in the amount of $3,998.47 per month will be made to Class 4 claims, in addition to the payments already being made to Class 4, through the end of the Plan Term thereby increasing the return to Class 4 claims in the Plan.

Upon request of any creditor or party-in-interest, the Debtor will provide proof of the outstanding balance owed to the Class 3 creditor, within 5 business days of such the request. Additionally, upon completion of the payments to the Class 3 creditor, the Debtor will provide written notice to all creditors and parties-in-interest that the Class 3 creditor has been paid in full. Failure to provide such information shall be a default under the Plan.

Within 30 days of the entry of this order, the Debtor shall object to all claims for which a proof of claim has not been filed in this case.

XI. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Debtor has established with credible evidence that the Plan is feasible and thus satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

XII. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under § 1930 of Title 28, United States Code, as determined by this Court have been paid, thereby satisfying the requirements of § 1129(a)(12) of the Bankruptcy Code.

XIII. <u>Remaining Provisions of § 1129(a) (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16))</u>. Sections 1129(a)(13), (14), (15) and (16) of the Bankruptcy Code are not applicable to the Plan.

XIV. <u>Post Confirmation Administration (11 U.S.C. §1183(b), 1183(b)(4), 1183(c)(1), 1183(c)(2))</u>. The Effective Date of the Plan is December 1, 2021. The Subchapter V Trustee shall ensure that the debtor commences making timely plan payments. The Notice of Substantial Consummation shall be filed 14 days after the Plan is substantially consummated. The Subchapter V Trustee shall file a final report after the Notice of Substantial Consummation is filed. Professional fee applications shall be filed within 30 days from date of confirmation.

NOW, THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED THAT:**

 1. Confirmation of the Plan. Pursuant to §§ 1191 and 1129 of the Bankruptcy Code, the Plan and each of its provisions (whether or not specifically approved herein) is hereby **CONFIRMED**.

 2. Section 1146 Exemption. To the fullest extent permitted under § 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, or the execution, delivery or recording of an instrument of transfer under this Plan, or the revesting, transfer or sale of any real or other property of the Debtor shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

 3. Retention of Jurisdiction. Notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, pursuant to Article XVIII of the Plan, this Court shall retain such exclusive jurisdiction over this case as further set forth in Article XVIII of the Plan. To the extent that it is not legally permissible for this Court to have exclusive jurisdiction over any of the matters contemplated in Article XVIII of the Plan, this Court shall have nonexclusive jurisdiction over such matters to the extent legally permissible.

 4. Conflicts. In the event of an inconsistency between the Plan and any other

agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern. This Confirmation Order shall supersede any orders of the Court issued prior to the Confirmation Date that may be inconsistent herewith.

     5. **Effectiveness of Plan Provisions.** The failure to specifically describe, include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

PREPARED BY:

Daniel A. Staeven, Esq
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, Maryland 21401
Tel: (410) 497-5947
daniel.staeven@askfrost.com

By: */s/ Daniel A. Staeven, Esq.*
    Daniel A. Staeven, Esq., Bar Number: 27662

*Counsel to MKL Enterprise LLC*

SEEN AND AGREED:

__/s/ Angela L. Shortall__
Angela L. Shortall, Esq.
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202

*Subchapter V Trustee*

__/s/ L. Jeanette Rice__
L. Jeanette Rice, Esq.
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*Assistant United States Trustee*

## END OF ORDER

CC:   Daniel Alan Staeven, Esq.
      Debtor
      US Trustee
      Angela Shortall, Esq., Subchapter V Trustee
      Case creditors and parties